IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and As Next Friend of JULIE DOE, a minor, | § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Case No. 1:06-CV-00983-SS |
| MYSPACE, INC., and NEWS CORPORATION, | § § § | |
| *Defendants.* | § § | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF MYSPACE, INC. AND NEWS CORPORATION'S MOTION TO DISMISS**

Defendants MySpace, Inc. and News Corporation (collectively "*MySpace*") request leave to supplement their Motion to Dismiss with reference to a recently decided case from the Eastern District of Texas. *See Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006).

**I.
BACKGROUND**

MySpace filed its Motion to Dismiss and Motion to Transfer Venue on October 13, 2006 in the United States District Court for the Southern District of New York. The Plaintiffs filed oppositions to both motions, MySpace replied, and on November 30, 2006, Judge Miriam Cedarbaum heard oral argument on both motions. At the close of oral argument, Judge Cedarbaum granted the Motion to Transfer, leaving the Motion to Dismiss for this Court to consider. The case file has since been transferred to this Court, and the Motion to Dismiss remains ripe for consideration.

## II.
## SUPPLEMENTAL AUTHORITY

On December 27, 2006, the Eastern District of Texas issued an opinion in *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006), a case in which the plaintiffs, a mother and her minor child, sued Yahoo!, Inc. for permitting third-parties to post and exchange pornographic images of the minor on a Yahoo e-group. The lawsuit specifically sought to hold Yahoo!, Inc. liable for negligence, negligence per se, intentional infliction of emotional distress, invasion of privacy, civil conspiracy, and federal criminal law for its failure to prevent, remove, or block the distribution of child pornography on its website despite its alleged knowledge that such criminal content was being exchanged over its e-groups. *Id.* at *6. Despite these serious allegations, the district court granted Yahoo!, Inc.'s motion to dismiss based upon the immunity afforded to interactive computer services under the Communications Decency Act of 1996, 47 U.S.C. § 230 ("***CDA***"). *Id.* at *5.

The holding in *Bates* buttresses several of the legal arguments advanced in MySpace's Motion to Dismiss, and it directly refutes the Plaintiffs' central argument that the CDA provides immunity only from defamation-based claims. (*See* Pls.' Mem. of Law in Opposition to Def. MySpace, Inc.'s Motion to Dismiss, at 7-9.) In its application of *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997), the *Bates* court held that the CDA's immunity is not limited to defamation-based claims, but that it applies with equal force to any claim based upon third-party content, including the publication of child pornography at issue:

> Internet service providers like Yahoo! have millions of users, and "[t]he amount of information communicated via interactive computer services is therefore staggering." In light of the restriction of services that might result from a "specter of . . . liability," Congress "chose to immunize service providers to avoid any such restrictive effect." *While* Zeran *considered § 230 in the context of defamation, these principles are equally applicable in the context of illegal pornography.*

*See Bates*, 2006 WL 3813758, at *4 (citations omitted) (emphasis added). The court reached this conclusion, in part, based on its recognition that Congress enacted the CDA with the specific intent to create immunity for interactive computer service providers for all claims stemming from the publication of third-party communications, even communications containing patently obscene or otherwise harmful content. *See id.* at * 4. Quoting from the CDA's legislative history, the court observed that Congress intended for the spectrum of immunity to be broad because interactive computer services cannot practically screen the contents of every online posting and subjecting them to liability for third-party content would cause them to restrict third-party access to the web and therefore stifle the growth of the Internet. *See id.*

## III.
## CONCLUSION & PRAYER

MySpace previously refuted Plaintiffs' argument that the CDA applies only to defamation-based claims by submitting 18 cases in which the CDA barred claims other than defamation. (*See* Def. MySpace, Inc.'s Reply Mem. of Law in Further Support of Its Motion to Dismiss, at App. A). MySpace now proffers the *Bates* opinion as yet another case which decisively demonstrates that MySpace is immune from claims flowing from Pete Solis and Julie Doe's online communications or for the harm that Julie Doe allegedly suffered as a result of those communications. Among other things, the case reaffirms that CDA immunity extends to all claims based upon an interactive computer service's publication of third-party content, and is not limited to defamation-based claims. In light of *Bates* and the authorities cited in MySpace's previous filings, MySpace respectfully requests that the Court grant its Motion, dismissing all claims against MySpace, Inc. and News Corporation.

Respectfully submitted,

VINSON & ELKINS, L.L.P.



By:_____
   Michael D. Marin
   Susan Denmon Gusky
   Christopher V. Popov
   The Terrace 7
   2801 Via Fortuna, Suite 100
   Austin, Texas 78746
   (512) 542-8549
   (512) 236-3410 (Facsimile)

   Clifford Thau
   Ari M. Berman
   Ronald L. Oran
   666 Fifth Avenue
   26th Floor
   New York, NY 10103-0040
   (212) 237-0000
   (212) 237-0100 (Facsimile)

   *Attorneys for MySpace, Inc.*

## CERTIFICATE OF SERVICE

    I, Michael D. Marin, certify that I served a copy of this supplement on the following counsel on January 5, 2007 by the method indicated below:

| | |
|---|---|
| Kurt B. Arnold<br>Jason A. Itkin<br>Arnold & Itkin LLP<br>700 Louisiana Street, Suite 4700<br>Houston, Texas 77002 | *Via Electronic Service* |
| Adam J. Loewy<br>Carl R. Barry<br>Barry & Loewy LLP<br>One Congress Plaza<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701 | *Via Facsimile (512) 370-3173* |
| Douglas H. Wigdor<br>Scott Browning Gilly<br>Thomspon Wigdor & Gilly LLP<br>Empire State Building<br>350 Fifth Avenue – Suite 5720<br>New York, New York 10118 | *Via Facsimile (212) 239-9292* |

*Attorneys for Plaintiffs*

                                                Michael D. Marin

Austin 780291v.1