IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as <br> Next Friend of JULIE DOE, <br> Plaintiffs, <br> <br> v. <br> <br> MYSPACE, INC. and <br> NEWS CORPORATION, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 1:06-cv-00983-SS |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Jane Doe, Individually and as Next Friend of Julie Doe, a Minor, file this Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss.

### I.
### INTRODUCTION

In its most recent filing, Defendants argue that a recent opinion from the Eastern District of Texas supports their argument that the Communications Decency Act ("CDA") bars Plaintiffs' claims in this case. *See Supplemental Memorandum of Law in Support of MySpace, Inc. and News Corporation's Motion to Dismiss* (citing *Doe v. Bates*, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006)). However, *Bates*, like the other cases upon which MySpace relies, has no bearing on Plaintiffs' claims. *Bates* simply confirms that the CDA is meant to promote free speech by immunizing Interactive Computer Services from "publisher" liability for causes of action stemming from the publication of content provided by third parties.

This case is not even remotely analogous to *Bates*. Rather, as described at length in *Plaintiffs' Memorandum of Law in Opposition to MySpace, Inc.'s Motion to Dismiss* filed in the New York proceeding, this case seeks liability for MySpace's provision of an unsupervised

environment for sexual predators to directly communicate and interact with minors.[1]  *Bates*, therefore, adds nothing to Defendants' hollow arguments.

## II.
## ARGUMENT AND AUTHORITIES

In *Bates*, Yahoo! published several pornographic images of a child provided by a third party. *Bates*, 2006 WL 3813758 at *6.  The child sued Yahoo! for the effect that publishing the pornographic image had on him. *Id*.  In other words, the plaintiff's claim in *Bates* was "grounded in the pornographic photographs having been 'published to the world' and the injunction Plaintiffs [sought was] to prevent such publication." *Id.* at *20.  Simply stated, "the content for which Plaintiffs seek to hold Defendant liable are the pornographic pictures of Johnny Doe." *Id*. at *16.[2]  Not surprisingly, the *Bates* Court, like the Courts in *Zeran*, *Carafano*, and *Prickett*, held that the CDA barred the plaintiff's attempts to hold Yahoo! liable as a publisher of the pornographic images.

The liability theory in this case is entirely different.  Here, Plaintiffs' seek to hold Defendants liable for failing to provide reasonable security measures to prevent sexual predators from directly communicating with minors.  Defendants' undisputedly knew that sexual predators used their "cyber-premises" to communicate with minors.  They took no reasonable measures to prevent such communication.  The CDA (and its protection of free speech) has nothing to do with the type of claims asserted by Plaintiff.  Indeed, free speech is not affected by using security measures to ensure that sexual predators are not allowed to directly communicate with minors.  *Bates*, and the other cases cited by Defendants, simply illuminate the differences between the type of claims covered by the CDA and those asserted in this case.  Thus, Defendants' motion to dismiss should be denied.

---

[1] Plaintiff hereby incorporates that Memorandum of Law by reference.

[2] In *Bates*, there was never any communication or contact between the plaintiff and a user of Yahoo!  Thus, none of the plaintiff's causes of action were based on the lack of security measures on Yahoo! to prevent communication between him and a sexual predator.  The sole issue in the Bates case was the effect that publishing a picture (provided by a third party) had on the plaintiff.

## III.
## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss, and allow this important case to proceed. Plaintiffs further request all other relief to which they are justly entitled, either at law or in equity.

Respectfully submitted,

ARNOLD & ITKIN LLP

/s/ *Kurt B. Arnold*
_____
Kurt B. Arnold
State Bar No. 24036150
Admitted to the Western District
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**Attorney-in-Charge for Plaintiffs**

**OF COUNSEL:**
Jason A. Itkin
State Bar No. 24032461
Admitted to the Western District
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

Adam J. Loewy
Carl R. Berry
**Barry & Loewy LLP**
One Congress Plaza
111 Congress Avenue, Suite 400
Austin, Texas 78701

## Certificate of Conference

Counsel for Plaintiffs has conferred with counsel for Defendants and counsel for Defendants is opposed as to the disposition of the matters raised in this motion.

/s/ *Kurt B. Arnold*
_____
Kurt B. Arnold

## Certificate of Service

I HEREBY CERTIFY that on January 16, 2007, the *Plaintiffs' Memorandum of Law in Support of Plaintiffs' Response to Defendants' Motion to Dismiss* was served by ***Electronic File Notice, Certified Mail and Facsimile*** upon:

Clifford Thau
Ari M. Berman
Hillary L. Preston
Ronald Oran
**Vinson & Elkins, L.L.P.**
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040

Michael D. Marin
Susan Denmon Gusky
Christopher V. Popov
**Vinson & Elkins, L.L.P.**
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746
  *Attorneys for Defendant Myspace, Inc.*

Adam J. Loewy
Carl R. Berry
**Barry & Loewy LLP**
One Congress Plaza
111 Congress Avenue, Suite 400
Austin, Texas 78701
  *Attorneys for Plaintiffs*

/s/ *Kurt B. Arnold*
_____
Kurt B. Arnold