IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE, Individually and as § <br> Next Friend of JULIE DOE, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> MYSPACE, INC. and § <br> NEWS CORPORATION, § <br> Defendants. § | Case No. 1:06-cv-00983-SS |

### PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUEST FOR BILL OF COSTS

Plaintiffs Jane Doe, Individually and as Next Friend of Julie Doe, hereby object to Defendants' Bill of Costs. Defendants' Bill should be denied because:

(1) they have failed to satisfy their burden to prove the necessity of the exorbitant costs;

(2) issuance of the Bill would impose a significant and inequitable hardship on Plaintiffs.

### I.

### ARGUMENTS AND AUTHORITIES

Under 28 U.S.C. § 1920, a federal court "may" tax only those court costs explicitly set forth in the statute. *Capital Metropolitan Transp. Authority v. Gillig Corp.*, 2005 WL 1241877, at *2 (W.D. Tex. 2005) (Sparks, J.). Section 1920 "is phrased permissively because [Fed. R. Civ. P. 54(d)] generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Id.* (citing *Crawford Fitting Co. V. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). The party seeking recovery of its costs bears the burden of proving the amount and

necessity of its costs. *Id.* (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). In this case, Defendants have not only failed to prove the necessity of its requested costs, an award of such costs impose a substantial hardship on Plaintiffs.

Of the approximately $2700 in costs sought by Defendants, over $2,000 of that amount is attributable to alleged internal copying charges, which Defendants assert falls under the Section 1920 category of "Fees for Exemplification and Copies of Papers necessarily obtained for use in the case." *See* Bill of Costs at Exhibit C.  But, Defendants provide absolutely no explanation as to why this exorbitant copying bill is necessary.  Nor do Defendants explain the contents of literally the thousands of copies that were made in a case that was decided on a preliminary motion to dismiss.  As this Court pointed out in *Gillig*, a prevailing party must explain how it arrived at the figure requested. 2005 WL 1241877 at *3.  For instance, it is possible that Defendants current request seeks reimbursement for demonstrative aids used at the hearings in this case.  This Court, and the Fifth Circuit, have held that such costs are not recoverable. *See id.* (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). As such, Defendants have not satisfied their burden to prove the necessity of such costs.

More importantly, and regardless of the proof provided by Defendants in this case, it would work an enormous hardship on Plaintiffs to impose nearly $3,000 in costs on them. Plaintiffs belong to a working class family that suffered a terrible tragedy when Jane Doe was raped by a MySpace user.  The amount sought in costs by Defendants, who are two large corporations with combined profits in the billions of dollars, would significantly cut into Plaintiffs' ability to pay their month-to-month financial obligations.  Thus, Plaintiffs request that the Court exercise its discretion to refrain from the imposition of costs in this case.

## II.

## CONCLUSION

Plaintiffs respectfully request that the Court refrain from imposing costs in this case.

          Respectfully submitted,

          ARNOLD & ITKIN LLP

          /s/ *Kurt B. Arnold*
          _____
          Kurt B. Arnold
          State Bar No. 24036150
          Admitted to the Western District
          5 Houston Center
          1401 McKinney Street, Suite 2550
          Houston, Texas 77010
          Telephone: (713) 222-3800
          Facsimile: (713) 222-3850

          **Attorney-in-Charge for Plaintiffs**

**OF COUNSEL:**
Jason A. Itkin
State Bar No. 24032461
Admitted to the Western District
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

# Certificate of Service

I HEREBY CERTIFY that on March 13th, 2007, the *Plaintiffs' Response to Defendants' Request for Bill of Cost* was served by **Electronic File Notice, Certified Mail and Facsimile** upon:

Clifford Thau
Ari M. Berman
Hillary L. Preston
Ronald Oran
**Vinson & Elkins, L.L.P.**
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040

Michael D. Marin
Susan Denmon Gusky
Christopher V. Popov
**Vinson & Elkins, L.L.P.**
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746
   *Attorneys for Defendant MySpace, Inc.*

Adam J. Loewy
Carl R. Berry
**Barry & Loewy LLP**
One Congress Plaza
111 Congress Avenue, Suite 400
Austin, Texas 78701
   *Attorneys for Plaintiffs*

/s/ *Kurt B. Arnold*
_____
Kurt B. Arnold