Doe v. Myspace, Inc. et al                                                                                          Doc. 5

IN THE UNITED STATES DISTRICT COURT        **FILED**
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION        2007 MAY -3  AM 10: 47

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

JANE DOE, Individually and as Next Friend of
JULIE DOE, a minor,
                    Plaintiffs,

-vs-                                                    Case No.  A-06-CA-983-SS

MYSPACE, INC., and NEWS CORPORATION,
                    Defendants.

_____

## O R D E R

BE IT REMEMBERED on the __2nd__ day of May 2007, the Court reviewed the file in the

above-styled cause, and specifically the Bill of Costs [#49] and Plaintiffs' Objections to Defendants'

Request for Bill of Costs [#52], and thereafter enters the following opinion and orders.

Plaintiffs object that Defendants' Bill of Costs should be denied because: (1) they have failed

to satisfy their burden to prove the necessity of the exorbitant costs for copies; and (2) issuance of

the Bill of Costs would impose a significant and inequitable hardship on Plaintiffs.

### Discussion

Under 28 U.S.C. § 1920, taxable court costs include fees of the clerk and marshal; fees of

the court reporter for transcripts necessarily obtained for use in the case; fees for printing; and fees

for exemplification and copies of papers necessarily obtained for use in the case.  28 U.S.C. § 1920;

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) ("Section 1920 enumerates

expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).

It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to


Dockets.Justia.com

tax costs in favor of the prevailing party."). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Plaintiffs claim Defendants have not proved the necessity of their requested costs and specifically the $2,135.35 requested for copying fees.

## I.    Fees of the Clerk

Defendants seek $450.00 in fees of the Clerk. The amount sought by Defendants is properly recoverable under 28 U.S.C. § 1821. Plaintiffs do not specifically object to the necessity of these costs. Accordingly, the Court will permit the full amount Defendants seek in costs for fees of the clerk.

## II.    Fees of the Court Reporter for Transcripts

Next, Defendants seek $91.76 for fees of the court reporter for the transcript of the November 30, 2006 hearing before Judge Cedarbaum. This amount is also properly recoverable, and Plaintiffs have not specifically objected to these costs. Therefore, the Court will permit Defendants the full amount sought for fees of the court reporter for transcripts necessarily obtained for use in the case.

## III.    Fees for Exemplification and Copies

Finally, Defendants seek $2,135.35 for fees for exemplification and copies of papers necessarily obtained for use in the case. $2,057.85 of this total amount represents internal law firm copying charges.

The statute allows courts to award fees for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiffs object that Defendants have not provided any proof of the necessity of the exorbitant copying costs in this case, which was decided on a preliminary motion to dismiss.

The Fifth Circuit has stated that "[b]efore the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes*, 11 F.3d at 64. However, to show necessity, the party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). In addition, "multiple copies of relevant documents may not be charged to an opponent." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

Here, although Defendants have declared under penalty of perjury that the copying costs were necessarily incurred in this action, they have given no further explanation or proof regarding the necessity of $2,057.85 in internal copying charges, including color copies and digital copies. On the record before it, the Court cannot find that $2,057.85 in internal copying charges were necessarily obtained for use in a case that was resolved on a preliminary motion to dismiss. Accordingly, the Court declines to award the internal copying charges as costs, and awards Defendants $77.50 in costs for fees for exemplification and copies of papers necessarily obtained for use in the case.[1]

### Conclusion

In light of the foregoing, the Court, in its discretion, awards the following costs:

| | |
|---|---|
| **Fees of the Clerk** | **$450.00** |
| **Fees of the Court Reporter for Transcripts** | **$91.76** |
| **Fees for Exemplification and Copies** | **$77.50** |
| **TOTAL AWARD** | **$619.26** |

---

[1] This $77.50 represents the fees for copies from the Travis County District Court for exhibits to the original petition and the criminal case file on Pete Solis.

Accordingly, the Court enters the following orders:

IT IS ORDERED that Defendants' Bill of Costs [#49] is PERMITTED IN PART and

DENIED IN PART as discussed above;

IT IS FURTHER ORDERED that the Clerk SHALL assess costs against Plaintiffs

in accordance with this order, in the total amount of $619.26.

SIGNED this the 2ⁿᵈ day of May 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE